ACCEPTED
15-24-00036-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/10/2025 4:11 PM
CHRISTOPHER A. PRINE
CLERK

**TAB 5**

Texas Register Excerpts Regarding Exhaustion of
Administrative Remedies
(Appellant TCEQ Reply Brief, Appendix R-1: 40 *Tex. Reg.*
9651, 9654-55 (Dec 25, 2015), and R-2: 40 *Tex. Reg.* 9660,
9670 (Dec. 25, 2015))

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/10/2025 4:11:58 PM
CHRISTOPHER A. PRINE
Clerk

# Appendix R-1

40 Tex. Reg. 9651, 9654-55 (Dec. 25, 2015)

(2) persons on a relevant mailing list kept under §39.407 of this title (relating to Mailing Lists);

(3) persons who filed public comment or hearing requests on or before the deadline for filing public comment or hearing requests; and

(4) any other person the executive director or chief clerk may elect to include.

(b) When Notice of Receipt of Application and Intent to Obtain Permit is required, mailed notice shall be sent to the state senator and representative who represent the area in which the facility is or will be located.

(c) For applications filed on or after September 1, 2015, the executive director shall provide written notification of the draft permit to the state senator and state representative who represent the area where the facility which is the subject of the application is or will be located at least 30 days prior to the chief clerk's mailing of the executive director's preliminary decision and Notice of Application and Preliminary Decision.

The agency certifies that legal counsel has reviewed the adoption and found it to be a valid exercise of the agency's legal authority.

Filed with the Office of the Secretary of State on December 11, 2015.

TRD-201505522
Robert Martinez
Director, Environmental Law Division
Texas Commission on Environmental Quality
Effective date: December 31, 2015
Proposal publication date: August 21, 2015
For further information, please call: (512) 239-2141



# CHAPTER 50. ACTION ON APPLICATIONS AND OTHER AUTHORIZATIONS

The Texas Commission on Environmental Quality (TCEQ, agency, or commission) adopts the amendments to §§50.115, 50.119, and 50.143.

Section 50.115 and §50.143 are adopted *with changes* to the proposed text as published in the August 21, 2015, issue of the *Texas Register* (40 TexReg 5235) and will be republished. Section 50.119 is adopted *without change* to the proposed text as published and will not be republished.

Background and Summary of the Factual Basis for the Adopted Rules

This rulemaking is adopted to implement Senate Bills (SB) 709 and 1267, both adopted by the 84th Texas Legislature (2015) with an effective date of September 1, 2015. Concurrently with this adoption, and published in this issue of the *Texas Register,* the commission is adopting revisions to 30 Texas Administrative Code (TAC) Chapter 1, Purpose of Rules, General Provisions; Chapter 39, Public Notice; Chapter 55, Requests for Reconsideration and Contested Case Hearings; Public Comment; Chapter 70, Enforcement; and Chapter 80, Contested Case Hearings. SB 709 is implemented by rules adopted in Chapters 39, 50, 55, and 80. SB 1267, Sections 4, 6, 7, and 9, is implemented by rules adopted in Chapters 1, 50, 55, 70, and 80.

*SB 709*

SB 709 makes several changes to the current contested case hearing (CCH) process for applications for air quality; water quality; municipal solid waste; industrial and hazardous waste; and underground injection control permits. Most of the changes apply to applications filed and judicial proceedings regarding a permit initiated on or after September 1, 2015. The specific changes to the CCH process are discussed further.

First, members of the public, or interested groups or associations, who request a CCH must make timely comments on the application to be considered as an affected person. For issues to be eligible for a CCH referred to the State Office of Administrative Hearings (SOAH), the issues must have been raised by the affected person in a comment made by that affected person. A group or association seeking to be considered as an affected person must specifically identify, by name and physical address in its timely hearing request, a member who would be an affected person in the person's own right.

Second, the executive director must notify the state senator and state representative for the area in which the facility is located or is proposed to be located at least 30 days prior to issuance of a draft permit. SB 709 also requires TCEQ to provide sufficient notice to applicants and others involved in permit proceedings that the changes in the law from SB 709 apply to all applications filed on or after September 1, 2015; this is required until the rules implementing SB 709 become effective December 31, 2015.

Third, SB 709 identifies specific information that the commission may consider when determining if hearing requestors are affected persons. SB 709 also prohibits the commission from finding a group or association is affected unless their CCH request has timely and specifically identified, by name and physical address, a member who would be affected in the member's own right. The issues submitted by the commission to SOAH for the CCH must be detailed and complete and contain only factual issues or mixed questions of fact and law.

Fourth, when the commission files the application, draft permit and preliminary decision, and other documentation with SOAH as the administrative record, the record establishes a prima facie demonstration that the draft permit meets all state and federal legal and technical requirements, and the permit, if issued, would protect human health and safety, the environment, and physical property. The prima facie case may be rebutted by presentation of evidence that demonstrates that at least part of the draft permit violates a specifically applicable state or federal requirement. If there is such a rebuttal, the applicant and the executive director may present additional evidence to support the draft permit.

Fifth, the executive director's role as a party in a CCH is to complete the administrative record and support his position developed in the draft permit; however, SB 709 provides that his position can be changed if he has revised or reversed his position on the draft permit that is part of the CCH administrative record; this change is applicable to all permit application hearings, not only the types of applications named previously.

Finally, SB 709 limits the time for the issuance of the administrative law judge's (ALJ's) proposal for decision in a CCH to no longer than 180 days from the date of the preliminary hearing or by an earlier date specified by the commission. SB 709 allows for extensions beyond 180 days based upon agreement of the parties with the ALJ's approval or by the ALJ for issues related to a party's deprivation of due process or another constitutional right. For applications directly referred under §55.210, the pre-

September 1, 2015, was updated, and a new version was created for applications filed on or after September 1, 2015. SB 709 requires the commission to adopt rules by January 1, 2016; these rules were adopted on December 9, 2015, and will become effective on December 31, 2015. Therefore, the implementation is complete, and no adverse impacts have been identified nor are any expected.

*Comment*

HCPCSD is concerned the rulemaking will lessen the public's ability to oppose permitting actions that may negatively impact public health and safety, and the environment. In contrast to the notice and comment process which provides few protections, HCPCSD's experience has shown that the CCH process can be an important and valuable tool in the environmental permitting process. In many instances, more protective permit provisions, in the form of operational improvements, are negotiated during a CCH, and these added provisions minimize the nuisance potential from operations that are either located in an unsuitable location or have a high potential to create particulate or odor nuisances. The result is fewer citizen complaints, notices of violation, and enforcement actions.

*Response*

No changes were made to the rules in response to this comment. The commission understands that there are benefits to the CCH process but does not agree that the rules compromise the public's ability to oppose permitting actions. The rules do not reduce the amount of public notice provided, nor the opportunity to comment on applications and draft permits for the permitting programs that are subject to the requirements of SB 709. Public comments are considered in each permitting action.

*Comment*

HCPCSD requests TCEQ, after evaluating the consequences of this rulemaking, reconsider these rules with the goal of determining and incorporating rules that allow for more public inclusion in the permitting process and actual guaranteed consideration of the public's concerns by the regulated community and TCEQ.

*Response*

No changes were made to the rules in response to this comment. The adopted rules implement SB 709 and SB 1267, neither of which amends the requirements for the commission to provide notice to the public. Further, the rules do not reduce the amount of public notice provided, nor the opportunity to comment on applications and draft permits for the permitting programs that are subject to the requirements of SB 709. Submitted comments are considered in each permitting action.

*Federal Program Approvability*

*Comment*

EPA commented that it based its 1998 authorization of the Texas Pollution Discharge Elimination System (TPDES) program upon a finding that participation in a CCH was not a prerequisite to judicial review. Recent state court decisions, as well as statements made by the Texas Attorney General, indicate this may no longer be true. In a case currently pending at the Texas Court of Appeals, *Sierra Club and Public Citizen v. TCEQ*, No. 03-14-00130-CV, the Texas Attorney General filed a brief stating that participation in a CCH regarding a water quality permit is an essential component of the exhaustion of administrative remedies, and thus a prerequisite to judicial review. In light of this statement and recent State court holdings on the role of the CCH in determining a person's access to judicial review, EPA requests TCEQ explain how the TPDES program continues to meet the requirements of 40 Code of Federal Regulations (CFR) §123.30 and how the authorized air permitting programs continue to meet Federal Clean Air Act (FCAA) requirements, including FCAA, §502(b)(6).

*Response*

*TPDES:* Requesting or participating in a CCH is not a prerequisite to judicial review in Texas, provided the person exhausted their administrative remedies prior to requesting judicial review. In the 1998 "Statement of Legal Authority for the Texas National Pollutant Discharge Elimination System Program" (Statement of Legal Authority), the Texas Attorney General clearly explained that judicial review of TPDES permits is readily available. The APA provides that if a CCH was held a person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review (Texas Government Code, §2001.171). If a CCH was not held, judicial review is available under the provisions in TWC, §5.351. Neither statute has been amended since Texas received delegation of the TPDES program in 1998.

To place the Texas Attorney General's argument in *Sierra Club and Public Citizen v. TCEQ* within its proper context, one must be familiar with the facts of the case. In that case, Sierra Club and Public Citizen requested a CCH and a hearing was held; they then obtained judicial review but abandoned their claims on appeal. The hearing was to be conducted in two phases, one of which was to determine whether Sierra Club and Public Citizen were affected persons. If, and only if, SOAH found either entity to be an affected person, then SOAH was to hold a CCH on the issues referred. At the hearing, SOAH found that neither entity was an affected person; therefore, SOAH did not address the referred issues. The commission subsequently issued the permit, and both Sierra Club and Public Citizen appealed raising nine points of error. Seven of the nine points of error challenged the commission's determination that they were not affected persons; the remaining two points of error challenged the commission's decision to issue the permit. Sierra Club and Public Citizen waived their challenge to the points of error regarding their affected person status and, instead, attempted to challenge the two points of error regarding the application.

In response to Sierra Club and Public Citizen's appeal, the Texas Attorney General argued that the court did not have jurisdiction to consider a direct challenge to the issuance of the permit when Sierra Club waived its originally pleaded points of error challenging the commission's denial of its hearing request. This position is not in conflict with the language in the Statement of Legal Authority because Sierra Club and Public Citizen had requested a CCH, which was denied. They sought and obtained judicial review of the commission's decision but abandoned their claims on appeal. If the court agreed with Sierra Club and Public Citizen that they were affected persons, it would have reversed the commission's decision and remanded the application back to the commission.

The State of Texas, acting through TCEQ, is required by 40 CFR §123.30 to provide an opportunity for judicial review of the commission's final approval or denial of a TPDES permit. The opportunity for judicial review must be sufficient to "provide for, encourage, and assist public participation in the permitting process." In addition, 40 CFR §123.30 also provides that the opportunity for judicial review is sufficient if it allows the same opportunity for ju-

dicial review of a TPDES permit that would be available to obtain judicial review in federal court for a National Pollutant Discharge Elimination System (NPDES) permit. As discussed earlier, the opportunity for judicial review has not changed since Texas received delegation of the NPDES program, thus the TPDES program continues to meet the requirements of 40 CFR §123.30.

Finally, TCEQ rules have long provided that a person may seek judicial review even if they failed to file a timely public comment, failed to file a timely hearing request, failed to participate in the public meeting, and failed to participate in the CCH. To do so, such a person must first file a motion for rehearing or a motion to overturn the executive director's decision, to the extent of the changes from the draft permit to the final permit decision *(See* 30 TAC §55.201(h); and §55.25(b)(3), adopted November 5, 1997, and effective December 1, 1997, which were derived from predecessor rules 31 TAC §263.22 and §263.23).

*FCAA, including Title V:* FCAA, §502(b)(6), applies only to federal operating permits under Title V, which are not subject to the CCH opportunity, the primary subject of this rulemaking.

The following information was stated in the most recent public participation rulemaking for new source review (NSR) permit applications (35 TexReg 5198, 5201 (June 18, 2010)) which was submitted to EPA on July 2, 2010, and approved on January 6, 2014 (79 FedReg 551).

Access to judicial review for all air quality permits, both NSR and Title V, is governed by Texas Health and Safety Code (THSC), §382.032. Generally, a person must comply with the requirement to exhaust the available administrative remedies prior to filing suit in district court. In addition, EPA has approved the Texas Title V Operating Permit Program, which required the submission of a Texas Attorney General opinion regarding sufficient access to courts, in compliance with Article III of the United States Constitution. The Attorney General Opinion specifically states that "(a)ny provisions of State law that limit access to judicial review do not exceed the corresponding limits on judicial review imposed by the standing requirement of Article III of the United States Constitution." (Section XIX, Supplement to 1993, 1996, and 1998, Statements of Legal Authority for Texas's FCAA Title V Operating Permit Program by the Attorney General of the State of Texas (October 29, 2001)). The state statutory authority cited in support of the Texas Title V Operating Program includes THSC, §382.032, which is the underlying authority for the appeal of Texas' air quality permit actions. Therefore, the Texas Attorney General statement regarding equivalence of judicial review based on THSC, §382.032 in accordance with Article III of the United States Constitution, is also applicable for every action of the commission subject to the Texas Clean Air Act. In addition, §55.201(h), also applies to NSR applications. As discussed earlier, §55.201(h) provides that a person who failed to file a timely public comment, failed to file a timely hearing request, failed to participate in the public meeting, and failed to participate in the CCH must first file a motion for rehearing or a motion to overturn the executive director's decision, to the extent of the changes from the draft permit to the final permit decision.

In addition, the commission notes that the requirement for a person to exhaust available administrative remedies is also present in federal law. Where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed *(Reiter v. Cooper,* 507 U.S. 258, 269 (1993)).

*§50.115, Scope of CCHs*

*Comment*

TXOGA supports the proposed revisions to §50.115(c)(1) and interprets these and SB 709 to allow referral of both disputed questions of fact and mixed questions of law and fact, but not only one or the other. TXOGA requests clarification in the preamble that both disputed questions of fact and mixed questions of law and fact can be referred to the same CCH on an application, but questions of law are reserved for the commission.

*Response*

The commission may refer disputed questions of fact or mixed questions of law and fact, or both, for a CCH on an application, but questions of law are reserved for the commission.

*Comment*

TAM and TXOGA recommend §50.115(c)(1) specify that the list of issues submitted to SOAH be "detailed and complete" consistent with new Texas Government Code, §2003.047(e-1) in SB 709, Section 1.

*Response*

The commission agrees that the rule should reflect the statutory directive regarding issues for CCH submitted to SOAH must be detailed and complete and has added §50.115(g) to implement this part of SB 709. Texas Government Code, §2003.047(e-1) in SB 709, Section 1, requires that the list of issues submitted by the commission to SOAH for a CCH must be "detailed and complete." Section 50.115(c)(1) concerns the commission's evaluation of the issues, and thus the commission declines to amend §50.115(c)(1) as suggested. When commenters can identify specific draft permit conditions or provide detailed information as part of their comments, the commission urges them to do so.

*Comment*

TXOGA commented that the Texas Legislature clearly intended that hearing requestors must state with specificity the factual issues that the hearing requestor would like to have referred to a CCH rather than allowing hearing requestors to raise broad generalizations and leave the commission and the applicant guessing about specific concerns. TXOGA commented that in order to implement the legislative intent, the commission should amend §50.115(c)(1) to require that issues raised in comments should identify a specific draft permit condition.

*Response*

No changes were made to the rule in response to this comment. Texas Government Code, §2003.047(e-1) in SB 709, Section 1, prescribes that the list of issues submitted by the commission to SOAH for a CCH must be "detailed and complete." Further, identifying specific draft permit conditions is not necessary for a comment to raise a specific factual issue. Common examples of issues that are not necessarily related to one or more permit conditions could be comments related to an omission of a requirement in a permit, disagreement regarding the executive director's review of modeling results, or lack of monitoring data necessary to evaluate protectiveness of the draft permit. However, when commenters can identify specific draft permit conditions or provide detailed information as part of their comments, the commission urges them to do so.

*Comment*

# Appendix R-2

40 Tex. Reg. 9660, 9670 (Dec. 25, 2015)

The adopted amendment implements Senate Bill 709 (84th Texas Legislature, 2015).

*§50.143.    Withdrawing the Application.*

(a)    Upon a request by the applicant at any time before the application is referred to the State Office of Administrative Hearings (SOAH), the executive director shall allow the withdrawal of the application and shall file a written acknowledgment of the withdrawal with the chief clerk. If the application has been scheduled for a commission meeting, the chief clerk shall remove it from the commission's agenda. For purposes of this rule, an application is referred to SOAH when the commission votes during a public meeting for referral or when the executive director or the applicant file a request to refer with the chief clerk under §55.210 of this title (relating to Direct Referrals).

(b)    Applications filed before September 1, 2015, for which chief clerk mailed the executive director's preliminary decision and notice of a draft permit under §39.419 of this title (relating to Notice of Application and Preliminary Decision) that are subsequently withdrawn by the applicant are governed by the commission's rules as they existed immediately before September 1, 2015, and those rules are continued in effect for that purpose if the application is refiled with the commission and the executive director determines the resubmitted application is substantially similar to the withdrawn application. For purposes of making this determination, the executive director may consider the following information contained in the withdrawn application and the refiled application:

(1)    the name of the applicant;

(2)    the location or proposed location of the construction, activity or discharge, to be authorized by the application;

(3)    the air contaminants to be emitted;

(4)    the area to be served by a wastewater treatment facility;

(5)    the volume and nature of the wastewater to be treated by a wastewater treatment facility;

(6)    the volume and type of waste to be disposed;

(7)    changes in methods of treatment or disposal of waste; or

(8)    any other factor the executive director determines is relevant to this determination.

The agency certifies that legal counsel has reviewed the adoption and found it to be a valid exercise of the agency's legal authority.

Filed with the Office of the Secretary of State on December 11, 2015.

TRD-201505524
Robert Martinez
Director, Environmental Law Division
Texas Commission on Environmental Quality
Effective date: December 31, 2015
Proposal publication date: August 21, 2015
For further information, please call: (512) 239-2141

♦    ♦    ♦

CHAPTER 55.  REQUESTS FOR RECONSIDERATION AND CONTESTED CASE HEARINGS; PUBLIC COMMENT

The Texas Commission on Environmental Quality (TCEQ, agency, or commission) adopts the amendments to §§55.156, 55.201, 55.203, 55.205, 55.210, and 55.211.

Sections 55.156, 55.201, 55.203, and 55.211 are adopted *with changes* to the proposed text as published in the August 21, 2015, issue of the *Texas Register* (40 TexReg 5240) and will be republished in this issue of the *Texas Register.* Section 55.205 and §55.210 are adopted *without changes* to the proposed text and will not be republished.

Section §55.156(e) adopted to be withdrawn as part of the State Implementation Plan (SIP) and the withdrawal will be submitted to the United States Environmental Protection Agency (EPA) as a revision to the SIP.

Background and Summary of the Factual Basis for the Adopted Rules

This rulemaking is adopted to implement Senate Bills (SB) 709 and 1267, both adopted by the 84th Texas Legislature (2015) with an effective date of September 1, 2015.

Concurrently with this adoption, and published in this issue of the *Texas Register,* the commission is adopting revisions to 30 Texas Administrative Code (TAC) Chapter 1, Purpose of Rules, General Provisions; Chapter 39, Public Notice; Chapter 50, Action on Applications and Other Authorizations; Chapter 70, Enforcement; and Chapter 80, Contested Case Hearings. SB 709 is implemented by rules adopted in Chapters 39, 50, 55, and 80. SB 1267, Sections 4, 6, 7, and 9, is implemented by rules adopted in Chapters 1, 50, 55, 70, and 80.

*SB 709*

SB 709 makes several changes to the current contested case hearing (CCH) process for applications for air quality; water quality; municipal solid waste; industrial and hazardous waste; and underground injection control permits. Most of the changes apply to applications filed and judicial proceedings regarding a permit initiated on or after September 1, 2015. The specific changes to the CCH process are discussed further.

First, members of the public, or interested groups or associations, who request a CCH must make timely comments on the application to be considered as an affected person. For issues to be eligible for a CCH referred to the State Office of Administrative Hearings (SOAH), they must have been raised by the affected person in a comment made by that affected person. A group or association seeking to be considered as an affected person must specifically identify, by name and physical address in its timely hearing request, a member who would be an affected person in the person's own right.

Second, the executive director must notify the state senator and state representative for the area in which the facility is located or is proposed to be located at least 30 days prior to issuance of a draft permit. SB 709 also requires TCEQ to provide sufficient notice to applicants and others involved in permit proceedings that the changes in the law from SB 709 apply to all applications filed on or after September 1, 2015; this is required until the rules implementing SB 709 become effective December 31, 2015.

Third, SB 709 identifies specific information that the commission may consider when determining if hearing requestors are affected persons. SB 709 also prohibits the commission from finding a group or association is affected unless their CCH request has timely and specifically identified, by name and physical address, a member who would be affected in the member's

requests as soon as they are named parties by obtaining a copy of the administrative record.

The administrative record, which consists of certified copies of documents, is provided to SOAH, but that action does not constitute an applicant's prefiled testimony. Decisions regarding how applicants will present their case in the CCH will be governed by the ALJ's orders at the hearing based on the applicable rules. Until specific issues arise regarding implementation of the new prima face case requirement and how it practically works with regard to existing discovery rules, the commission declines to make changes to its discovery rules.

*§55.211, Commission Action on Requests for Reconsideration and CCH*

*Comment*

EPA commented that the proposed revisions to §55.211(c)(2)(A)(ii) remove the right of the hearing requestors to adopt comments made by others as their own issues for a CCH. Commenters frequently adopt the comments of others instead of repeating those comments in their entirety during the public comment process. EPA requests clarification that if a commenter adopts someone else's comments during the public comment period through written comments or verbally at a public meeting that the hearing requestor could still contest those issues at the hearing. If not, please explain whether hearing requestors determined not to be "affected persons" on this basis could still have access to judicial review, including standing.

*Response*

SB 709, Section 1, Texas Government Code, §2003.047(e-1), provides that "(e)ach issue referred by the commission must have been raised by an affected person *in a comment submitted by that affected person* in response to a permit application." (emphasis added) This new section also provides that the commission, when referring issues for a CCH, must develop a list of issues that is detailed and complete and contains either only factual questions or mixed questions of fact and law. Prior to the adoption of Texas Government Code, §2003.047(e-1), the controlling applicable law in TWC, §5.556 provides, in part, that the commission may not refer an issue to SOAH unless it determines that the issue "was raised during the public comment period" and is relevant and material to the decision on the application. The commission interprets SB 709 to mean that the legislature intends that the person who comments and submits a hearing request must individually and timely submit comments. New comments cannot be made in a hearing request submitted in response to the Executive Director's Response to Comments (as required by §55.156); this is because the new comments would be untimely since they were submitted after the end of the public comment period.

EPA specifically asks whether persons who comment and request a hearing, but who are determined not to be affected persons, will still have access to judicial review. The following is provided to explain judicial review for all possible scenarios with regard to degree of participation in the administrative process.

Standing is a question of law decided by a court *(Cleaver v. George Staton Co. Inc.,* 908 S.W.2d 468 (Tex. App - Tyler 1995, writ denied)). In 1993, the Texas Supreme Court held that standing is a component of subject matter jurisdiction and can be raised for the first time on appeal *(Tex. Ass'n of Business v. Tex. Air Control Bd.,* 852 S.W.2d 440, 445 (1993)). The Supreme Court has restated its holding many times, most recently in June 2015 *(State v. Naylor,* 466 S.W.3d 783 (Tex. 2015)).

If a CCH was held, a party to the hearing is entitled to judicial review under the authority and procedures of the APA. If a CCH is not available, a person affected by a final ruling, order, or decision of the commission may file a petition for judicial review under TWC, §5.351 or THSC, §382.032 within 30 days after the decision is final and appealable. A person seeking judicial review under any authority must have exhausted the available administrative remedies, including complying with applicable commission rules regarding motions for rehearing or reconsideration, e.g., §§50.119, 55.211, and 80.272. Requesting or participating in a CCH is not among the exhaustion requirements for judicial review of many permit actions under TWC, §5.351 or THSC, §382.032.

Even a person who failed to file timely public comment, failed to file a timely hearing request, failed to participate in a public meeting held under the rules, and failed to participate in any CCH held under Chapter 80 may file a motion for rehearing as provided for in §§50.119, 55.211 or 80.272, or a motion to overturn the executive director's decision under §50.139, as long as the motion addresses only the changes from the draft permit to the final permit decision, and thus, may exhaust administrative remedies for purposes of seeking judicial review regarding those changes *(See §55.201(h)).*

A finding by an ALJ or the commission concerning a person's status as an affected person would not bind a Texas district judge in considering that person's standing to seek judicial review of the commission's action on a permit application, under TWC, §5.351 or THSC, §382.032. The "affected person" standard set out in §55.203 and TWC, §5.115(a) comes into play only in a decision on entitlement to a CCH, whereas the statutory availability of judicial review does not depend on requesting or participating in a CCH.

For TPDES discharge and Underground Injection Control permits, the OAG agreed, in its "Statement of Legal Authority for the Texas National Pollutant Discharge Elimination System (TPDES) Program" in 1998 and "State of Texas Office of the Attorney General Statement for Class I, III, IV and V Underground Injection Wells" in 2003 that it will not rely on or refer to the conclusion of an ALJ or the commission that a person is not an affected person as a basis to oppose participation by that person in subsequent judicial proceedings brought under TWC, §5.351. Although the OAG has not issued an opinion regarding what its position would be in judicial proceedings for the Resource Conservation and Recovery Act permitting program, TWC, §5.351 also applies and presumably the position of the OAG would be no different for that program. Similarly, although the OAG has not issued an opinion regarding what its position would be in judicial proceedings for the air quality NSR program, the requirements of THSC, §382.032 are similar to those of TWC, §5.351. The OAG may, however, rely on the facts underlying the conclusion in opposing a person's standing in court. Also, when an ALJ or commission conclusion about affected person status is challenged in the judicial proceeding, the Attorney General may defend that conclusion.

*Comment*

TXSWANA and WEAT/TACWA suggest changing "by the affected person" to "by an affected person whose request is granted" in §55.211(c)(2)(A)(ii), stating that this language is

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kim McBride on behalf of Derek Seal
Bar No. 797404
kmcbride@mcginnislaw.com
Envelope ID: 96098837
Filing Code Description: Exhibits - Exempt
Filing Description: Appellants' Exhibits For Oral Argument
Status as of 1/10/2025 4:37 PM CST

Associated Case Party: Calhoun Port Authority

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Woodward | 21979300 | mwoodward@hslawmail.com | 1/10/2025 4:11:58 PM | SENT |
| Barton Hejny | 24082231 | bhejny@hslawmail.com | 1/10/2025 4:11:58 PM | SENT |
| Petrus J.Wassdorf | | pwassdorf@hslawmail.com | 1/10/2025 4:11:58 PM | SENT |
| Alan Sanders | | alan.sanders@dinsmore.com | 1/10/2025 4:11:58 PM | SENT |

Associated Case Party: Texas Oil & Gas Association

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Samia Broadaway | 24088322 | samia.broadaway@bakerbotts.com | 1/10/2025 4:11:58 PM | SENT |
| Beau Carter | | beau.carter@bakerbotts.com | 1/10/2025 4:11:58 PM | SENT |

Associated Case Party: Max Midstream, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Derek  Seal | | dseal@mcginnislaw.com | 1/10/2025 4:11:58 PM | SENT |
| Jordan  Mullins | | jmullins@mcginnislaw.com | 1/10/2025 4:11:58 PM | SENT |
| April Lucas | | alucas@mcginnislaw.com | 1/10/2025 4:11:58 PM | SENT |
| Kim McBride | | kmcbride@mcginnislaw.com | 1/10/2025 4:11:58 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Colton Halter | | colton.halter@oag.texas.gov | 1/10/2025 4:11:58 PM | SENT |
| Debbie Trevino | | debbie.trevino@dinsmore.com | 1/10/2025 4:11:58 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kim McBride on behalf of Derek Seal
Bar No. 797404
kmcbride@mcginnislaw.com
Envelope ID: 96098837
Filing Code Description: Exhibits - Exempt
Filing Description: Appellants' Exhibits For Oral Argument
Status as of 1/10/2025 4:37 PM CST

Associated Case Party: Texas Commission on Environmental Quality

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Erin Snody | | erin.snody@oag.texas.gov | 1/10/2025 4:11:58 PM | SENT |
| Annalisa Guartuche | | annalisa.guartuche@oag.texas.gov | 1/10/2025 4:11:58 PM | SENT |
| Sara Ferris | | sara.ferris@oag.texas.gov | 1/10/2025 4:11:58 PM | SENT |
| David Laurent | | david.laurent@oag.texas.gov | 1/10/2025 4:11:58 PM | SENT |

Associated Case Party: San Antonio Bay Estuarine Waterkeeper

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Erin Gaines | | egaines@earthjustice.org | 1/10/2025 4:11:58 PM | SENT |
| Michelle Carlos | | mcarlos@earthjustice.org | 1/10/2025 4:11:58 PM | SENT |
| Claire Huebler | | chuebler@earthjustice.org | 1/10/2025 4:11:58 PM | SENT |
| Ilan Levin | | ilevin@environmentalintegrity.org | 1/10/2025 4:11:58 PM | SENT |

Associated Case Party: Texas Campaign for the Environment

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Erin Gaines | | egaines@earthjustice.org | 1/10/2025 4:11:58 PM | SENT |
| Michelle Carlos | | mcarlos@earthjustice.org | 1/10/2025 4:11:58 PM | SENT |
| Claire Huebler | | chuebler@earthjustice.org | 1/10/2025 4:11:58 PM | SENT |
| Ilan Levin | | ilevin@environmentalintegrity.org | 1/10/2025 4:11:58 PM | SENT |

Associated Case Party: S.DianeWilson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kim McBride on behalf of Derek Seal
Bar No. 797404
kmcbride@mcginnislaw.com
Envelope ID: 96098837
Filing Code Description: Exhibits - Exempt
Filing Description: Appellants' Exhibits For Oral Argument
Status as of 1/10/2025 4:37 PM CST

Associated Case Party: S.DianeWilson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ethan Siegel | | esiegel@trla.org | 1/10/2025 4:11:58 PM | SENT |
| Karis Adams | | karisadams@trla.org | 1/10/2025 4:11:58 PM | SENT |